**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| Dennis Tanner, )<br>)<br>Plaintiff, )<br>) Case No. 4:17-cv-25<br>)<br>vs. )<br>)<br>Financial Recovery Services, Inc., )<br>)<br>Serve at: CT Corporation System )<br>120 South Central Avenue, ) **JURY TRIAL DEMANDED**<br>Clayton, MO 63105 )<br>)<br>And )<br>)<br>DOES 1-4, )<br>)<br>Defendants. | |

## COMPLAINT

Plaintiff Dennis R. Tanner ("Plaintiff"), through counsel, brings this action against Defendant Financial Recovery Services, Inc. ("Defendant") and DOES 1-4 (collectively "Defendants") to secure redress against Defendants for unlawful collection practices that violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and states for his Complaint:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and b) Defendant transacts business in this District.

## PARTIES

3. Plaintiff, Dennis R. Tanner, is a natural person residing Sullivan, Missouri from whom Defendant attempted to collect an alleged debt. He is a "consumer" or a "person" affected by a violation of the FDCPA, as those terms are defined by 15 U.S.C. §§ 1692a(3), 1692d, and 1692k.

4. The debt Plaintiff allegedly owes arises out of consumer, family, and household transactions. Specifically, the alleged debt originated from charge made to a Juniper Credit Card for various personal items.

5. Defendant Financial Recovery Services, Inc ("FRS") is a Minnesota for-profit corporation with its principal offices at 4510 West 77th Street, Suite 200, Edina, MN 55435. It does business as a debt collector in various states, including Missouri. Defendant had been registered as a foreign entity with the Missouri Secretary of State. See record from Illinois Secretary of State, attached as **Exhibit A**.

6. DOES 1-4 are principals, agents, owners, and/or entities related to or affiliated with Defendant FRS whose identities are currently unknown.

7. Defendant FRS acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.

8. The principal business purpose of Defendant is the collect of debts in Missouri and elsewhere in the United States, and Defendant regularly attempts to collect debt alleged to be due another.

## FACTUAL ALLEGATIONS

9. On or about January 6, 2016, Defendant sent Plaintiff the letter attached as **Exhibit B**.

10. On information and belief, Defendant's January 6, 2016 letter was delivered to Plaintiff via mail a matter of days after January 6, 2016

11. Defendant's letter stated that Defendant was attempting to collect a debt to BARCLAYS BANK DELEWARE of $2,104.22.

12. Plaintiff, as a wage earner, and with a number of financial obligations, could not afford to pay the alleged debt, even if it was valid.

13. Defendant's January 6, 2016 letter invited Plaintiff to call Defendant to discuss the alleged debt.

14. Shortly after receiving the letter, Plaintiff hired an attorney in order to seek advice about the debt.

15. Plaintiff called Defendant after January 6, 2016 to learn information about the debt and to inform Defendant of his attorney representation on the debt.

16. During the call, Plaintiff informed Defendant that he received its letter.

17. Defendant's representative asked Plaintiff "what are your intentions…what are you gonna do with [the debt]."

18. Plaintiff then attempted to give Defendant his attorney's name and attempted to give his attorney's phone number.

19. Pursuant to 15 U.S.C. § 1692c(a)(2), now that Defendant had actual knowledge that Plaintiff had an attorney, Defendant should have ceased communications with Plaintiff other than to take his attorney's name and contact information.

20. Rather than respect Plaintiff's rights pursuant to the FDCPA, and specifically Section 1692c(a)(2), Defendant asked Plaintiff a series of questions and ultimately repeated to Plaintiff that "our client is just looking for payment" as an attempt to request payment for the debt even though Plaintiff had given Defendant actual knowledge that Plaintiff was represented by an attorney for the debt.

21. Rather than taking the name and contact information of Plaintiff's attorney, as Section 1692c(a)(2) requires, Defendant proceeded to attempt to entice Plaintiff to make even a small payment by stating "we can take even minimum payments."

22. Defendant informed Plaintiff that he simply could not afford to make a payment at the time of the call, after which, Defendant finally permitted Plaintiff to provide the phone number for Plaintiff's attorney.

23. Through its conduct, Defendant attempted to side-step Plaintiff's attorney and communicated directly with Plaintiff in order to attempt to convince Plaintiff to make a payment.

24. Plaintiff never entered into any agreement consenting to arbitrate disputes between himself and Defendant or waiving his right to a trial by jury.

25. All of Defendant's actions complained of herein occurred within one year of the date of this Complaint.

26. Defendant's conduct has caused Plaintiff to suffer damages including but not limited to the loss of time incurred by Plaintiff as well as attorneys' fees paid for advice regarding his situation.

27. Defendant's conduct has caused Plaintiff to suffer damages including and as a direct consequence of the Defendant's acts, business practices, and conduct, Plaintiff also has

suffered shame, humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

28. Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

29. Plaintiff suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of Defendant's conduct.

30. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership,* 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I: VIOLATION OF THE FDCPA

31. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

32. In its attempts to collect the alleged debt from Plaintiff, Defendant violated the FDCPA, 15 U.S.C. § 1692et seq., including but not limited to the following:

   a. Communicating with a consumer known to be represented by an attorney without attempting to contact the attorney and without the attorney's consent, 15 U.S.C. § 1692c; and

   b. Using oppressive, deceptive, and unfair collection tactics, including but not limited to attempting to induce Plaintiff to forgo his attorney representation though Defendant had received actual knowledge of the identity of Plaintiff's attorney moments, prior, 15 U.S.C. § 1692d-f.

33. Each of Defendant's violations of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. *See* 15 U.S.C. § 1692k.

**WHEREFORE**, Plaintiff respectfully requests a judgment be entered by this Court in favor of Plaintiff, and against Defendant, finding that Defendant violated the FDCPA and awarding Plaintiff relief, including:

a. statutory damages of $1,000;

b. actual damages;

c. prejudgment and/or post-judgment interest as permitted by law;

d. costs and reasonable attorneys' fees; and

e. Such other or further relief in Plaintiff's favor as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all Counts so triable.

DATED:  January 6, 2017                                  Respectfully Submitted,


By:     /s/ Nathan D. Sturycz
Nathan D. Sturycz, #61744MO
100 N. Main, Suite 11
Edwardsville, IL  62025
Phone: 877-314-3223
Fax: 888-632-6937
nathan@mainstreet-law.com
*Attorney for Plaintiff*